# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: STEPHEN THOMAS YELVERTON,<br><br>　　　　Debtor.<br>_____<br><br>STEPHEN THOMAS YELVERTON,<br><br>　　　　Appellant,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA<br>DEPARTMENT OF PUBLIC WORKS,<br>　　　　Appellee.<br>_____ | Case No. 15-cv-1025 (TSC)<br><br>Bankruptcy　　No. 9-bk-414<br><br>Adversary Proceeding No. 14-10046 |

## AMENDED ORDER

In the present action, Appellant/Debtor Stephen Thomas Yelverton seeks to appeal an order of the Bankruptcy Court dismissing his bankruptcy adversary proceeding: *Yelverton v. District of Columbia Dep't of Pub. Works*, Bankr. Adv. Proceeding No. 14-10046. This court dismissed the appeal *sua sponte*: (1) because Yelverton had not yet paid the filing fee to prosecute this appeal; and (2) because Yelverton had not sought leave to file this action as mandated by Judge Cooper's bar order, which requires that Yelverton first seek leave before filing civil actions in the present court. (ECF No. 4); *see In re Yelverton*, 13-cv-1544-CRC (ECF No. 19).

Yelverton now seeks relief from the dismissal order pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 5). "A Rule 59(e) motion [for reconsideration] 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted).

Yelverton contends there were "clear errors" in the proceedings that justify relief from the dismissal order. Specifically, he argues that there were procedural errors with the docketing of the appeal. He points out that he filed two motions <u>in the Bankruptcy Court</u>. In the first motion, he sought permission to pursue this appeal and included in the caption the following language: "To be referred to Judge Cooper." In the second motion he sought leave to proceed with the present appeal *in forma pauperis*. This second motion was directed at Judge Teel, who is the Bankruptcy Judge presiding over Yelverton's bankruptcy litigation. Yelverton notes that the Bankruptcy Court transmitted the bankruptcy record to the present court before Judge Cooper or Judge Teel could rule on the motions. Because of this perceived error, Yelverton asks that the present court refer to Judge Cooper the motion seeking permission to appeal and refer to Judge Teel the motion seeking to proceed *in forma pauperis*.

With respect to the motion seeking permission to appeal, the undersigned is not convinced that solely filing the motion in the <u>Bankruptcy court</u> was the proper procedure. As the present court pointed out in its order dismissing the instant case, Yelverton recently filed a motion before Judge Cooper seeking leave to initiate a new lawsuit (unrelated to the instant case) in the District Court. *See In re Yelverton*, 13-cv-1544-CRC (ECF No. 35). Yelverton filed the motion in the case where the bar order is pending—even though the bar order case is a closed. Judge Cooper granted the motion, (*id*. at ECF No. 36), and the new lawsuit is currently pending. *See Yelverton v. Smith*, 15-cv-552-TSC. Nothing prevented Yelverton from following the same procedure in the present case: in other words, he could have filed his motion in the case where the bar order is pending. Indeed, Yelverton still has that option. As the undersigned explained in the order dismissing the present case: "Should Mr. Yelverton obtain permission from Judge Cooper to pursue the present appeal,

Mr. Yelverton may file a motion (not exceeding two pages) to reopen this action." (ECF No. 4). Yelverton has not obtained such permission and, therefore, no "clear error" exists.[1]

With respect to Yelverton's motion to proceed *in forma pauperis*, Judge Teel has now entered an order denying the motion. *See Yelverton v. District of Columbia Dep't of Pub. Works*, Bankr. Adv. Proceeding No. 14-10046 (ECF No. 26). In doing so, Judge Teel reasoned, *inter alia*, that: (1) Yelverton failed to seek permission from Judge Cooper to pursue the present appeal; and (2) Yelverton's appeal is frivolous. *Id.*; *see* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Wooten v. District of Columbia Metro. Police Dep't.*, 129 F.3d 206, 208 (D.C. Cir. 1997) ("In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous.") (citation omitted).

Given that Judge Teel has denied Yelverton's *in forma pauperis* motion and Yelverton has failed to obtain permission from Judge Cooper to prosecute the present action, the court finds no "clear error." Accordingly, Yelverton's Rule 59(e) motion is hereby denied.

This court's prior order (ECF No. 9) on Yelverton's Rule 59(e) motion is hereby VACATED.

THE CLERK OF THE COURT SHALL MAIL A COPY OF THIS ORDER TO:

>   STEPHEN THOMAS YELVERTON
>   3033 Wilson Boulevard
>   Suite E-117

---

[1] The court notes that Judge Cooper has stricken two of Mr. Yelverton's bankruptcy appeals *sua sponte* because he failed to comply with the bar order. *See In re Yelverton*, 15-cv-208-CRC (ECF No. 4); *In re Yelverton*, 15-cv-277-CRC (ECF No. 4). In both instances, however, Judge Cooper explained in his dismissal order that Yelverton could seek to refile the appeals by following the requirements set forth in the bar order. Not one to simply follow the rules, Yelverton instead appealed both of Judge's Cooper's dismissal orders. Those appeals are still pending.

Arlington, VA 22201

Date:  October 23, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge