# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: STEPHEN THOMAS YELVERTON, ) <br> ) <br> Debtor. ) <br> _____) <br> ) <br> STEPHEN THOMAS YELVERTON, ) <br> ) <br> Appellant, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA ) <br> DEPARTMENT OF PUBLIC WORKS, ) <br> Appellee. ) <br> _____) | Case No. 15-cv-1025 (TSC) <br><br> Bankruptcy         No. 9-bk-414 <br><br> Adversary Proceeding   No. 14-10046 |

## ORDER

Appellant/Debtor Stephen Thomas Yelverton sought to appeal a ruling of the Bankruptcy Court, but this court dismissed the appeal <u>without prejudice</u>. (*See* ECF Nos. 4, 10). The reason for the dismissal was Yelverton's failure to seek leave to pursue this litigation as required by Judge Cooper's bar order in *In re Yelverton*, 13-cv-1544-CRC (ECF No. 19). Judge Cooper entered the bar order after finding that Yelverton had: (1) filed over 40 lawsuits, adversary bankruptcy proceedings, or appeals of the bankruptcy court's rulings; (2) filed over 150 motions, including more than 50 motions to reconsider, vacate, amend or obtain relief from a judgment or order; (3) repeatedly made the same arguments before various courts despite prior resolutions against him; (4) filed motions apparently for purposes of harassment; and (5) been the object of at least three other judges' bar orders.

Before the court is Yelverton's "Motion for Leave to Proceed *In Forma Pauperis*," in which he seeks permission to appeal the dismissal without paying the required filing fee. (ECF No. 12). "An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should

not be used to abuse the process of the courts." *Williams v. McKenzie*, 834 F.2d 152,154 (8th Cir. 1987)(citation omitted).  Whether to permit or deny an application to proceed *in forma pauperis* is left to the court's discretion.  *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).  "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Wooten v. District of Columbia Metro. Police Dep't.*, 129 F.3d 206, 207 (D.C. Cir. 1997)(citing 28 U.S.C. § 1915(a)(3)).  "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous."  *Wooten*, 129 F.3d at 208 (quoting *Ellis v. U.S.*, 356 U.S. 674 (1958)).

     A review of Defendant's *in forma pauperis* motion indicates nothing which might establish that his "appeal [from the present action] involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983) (citation and internal quotation marks omitted).  Indeed, as this court noted <u>on two prior occasions</u>, nothing precludes Yelverton from filing a motion before Judge Cooper requesting permission to pursue the present appeal.  (ECF Nos. 4, 10).  Moreover, as this court <u>twice</u> noted, if Judge Cooper grants Yelverton permission to proceed, Yelverton may file a motion to reopen the present case.  (EFC Nos. 4, 10).  Thus, at this juncture, the only thing preventing Yelverton from litigating the present action is his refusal to seek permission from Judge Cooper.  As such, any challenge to dismissal of this action in the United States Court of Appeals for the District of Columbia Circuit would be frivolous.

     Accordingly, Yelverton's motion is hereby denied.

     The Clerk of the Court shall mail a copy of this order to:

> **STEPHEN THOMAS YELVERTON**
> 3033 Wilson Boulevard
> Suite E-117

Arlington, VA 22201

Date:  November 24, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge