UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: STEPHEN THOMAS YELVERTON, )<br>)<br>Debtor. )<br>_____)<br>)<br>STEPHEN THOMAS YELVERTON, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>DEPARTMENT OF PUBLIC WORKS, )<br>)<br>Appellee. )<br>_____) | Case No. 15-cv-1025 (TSC)<br><br>Bankruptcy No. 9-bk-414 |

**ORDER**

Appellant/Debtor Stephen Thomas Yelverton filed this appeal seeking review of a Bankruptcy Court decision, but this court dismissed the appeal <u>without prejudice</u>. (*See* ECF Nos. 4, 10). The reason for the dismissal was Yelverton's failure to seek leave to pursue the appeal, as required by Judge Cooper's bar order in *In re Yelverton*, No. 13-cv-1544-CRC (D.D.C. Aug. 6, 2014), ECF No. 19. Even though nothing precluded Yelverton from filing a motion before Judge Cooper requesting permission to pursue the present appeal, Yelverton instead filed an appeal with the United States Court of Appeals for the District of Columbia Circuit, seeking review of the instant court's dismissal order. (ECF No. 13). He also sought permission from the instant court to pursue his Court of Appeals case *in forma pauperis*, but this court denied his petition as frivolous. (ECF Nos. 12, 16). He then sought permission from the Court of Appeals to proceed *in forma pauperis*, but that court also denied his petition as frivolous. *In re Yelverton*, No. 15-7145 (D.C. Cir. March 15, 2016), ECF No. 1604116.

Yelverton now moves for an order requiring that the Trustee in his core Chapter 7 Bankruptcy proceeding pay the Court of Appeals filing fee from the funds held by the Trustee. (ECF No. 18, Pls. Mot.). The funds in question were derived from a settlement that the Trustee made involving property previously owned by Yelverton and his siblings. (*See* Pls. Mot. 1 ¶ 3); *In re Yelverton*, No. 9-414 (Bankr. D.D.C. May 23, 2016), ECF No. 997; *In re Yelverton*, No. 09-00414, 2013 WL 1628634, at *1 (Bankr. D.D.C. Apr. 16, 2013). In 2012, the Bankruptcy court "approved a global settlement negotiated by the chapter 7 trustee that provide[d] for the transfer of [Yelverton's] stock in the family business, Yelverton Farms, Ltd., to his siblings and the mutual release of all claims in consideration of a cash payment to the bankruptcy estate . . . ." *In re Yelverton*, 2013 WL 1628634, at *1; *see In re Yelverton*, No. 9-414, ECF No. 997. According to Yelverton, he subsequently took an exemption of these funds on May 23, 2016, and, in his view, "it appears that the Chapter 7 Trustee did <u>not</u> object to the Exemption." (Pls. Mot. ¶ 3) (emphasis in original). In the absence of an objection, Yelverton contends that the "property irrevocably reverts to the Debtor as being his own property, and <u>not</u> that of the Estate or of the Chapter 7 Trustee." (*Id.*) (emphasis in original).

Because Yelverton's request involves his core bankruptcy proceeding, as well as possible exemptions from his bankruptcy estate, this court has the discretion to refer the motion to the bankruptcy court:

> Pursuant to 28 U.S.C. § 1334(a) and (b), "district courts have original jurisdiction over bankruptcy cases and related proceedings," *Wellness Int'l Network, Ltd. v. Sharif,* —– U.S. ——, 135 S. Ct. 1932, 1939, 191 L.Ed.2d 911 (2015), but "may provide that any or all" of such cases "be referred to the bankruptcy judges for the district," 28 U.S.C. § 157(a).[1] Accordingly, in this District, all bankruptcy cases and related proceedings are automatically referred to the bankruptcy judge of this District by local rule. District Court Local Bankruptcy Rule ("D Ct. LBR") 5011–1. The bankruptcy

---

[1] Section 157(a) provides, in full: "Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

court, generally, "may hear and determine" "and may enter appropriate orders and judgments" in "all core proceedings arising under" bankruptcy law "or arising in" a bankruptcy case subject to the district court's review,  28 U.S.C. § 157(b)(1).

*In re Specialty Hosp. of Washington, LLC*, Civ. A. No. 16-090 (BAH), 2016 WL 1465929, at *1 (D.D.C. Apr. 12, 2016).  "Core proceedings" include, but are not limited to "matters concerning the administration of the estate," "allowance or disallowance of claims against the estate or <u>exemptions from property of the estate</u>," and "orders to turn over property of the estate."  28 U.S.C. § 157(b)(2)(A), (B), (E) (emphasis added).

Bankruptcy Judge Teel has presided over Yelverton's core bankruptcy proceeding since May 2009, as well as his countless adversary proceedings.  As such, Judge Teel is better suited to rule on Yelverton's motion.  Accordingly, Yelverton's motion is hereby referred to the Bankruptcy Court pursuant to 28 U.S.C. § 1334.

The Clerk of the Court shall mail a copy of this order to:

>   STEPHEN THOMAS YELVERTON
>   3033 Wilson Boulevard
>   Suite E-117
>   Arlington, VA 22201

Date:  July 5, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge